UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA LAN CHMURA,

    Plaintiff,

v.                            CASE No. 8:15-CV-1981-T-35TGW

NORTON, HAMMERSLEY, LOPEZ,
& SKOKOS, PA, *et al.*,

    Defendant.

## REPORT AND RECOMMENDATION

This cause came on for consideration upon the plaintiff's Amended Motion to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915 (Doc. 4). The plaintiff alleges several claims in connection with the purported illegal foreclosure of her former residence (Doc. 2). Because the pleading is procedurally and substantively deficient, I recommend that the plaintiff's complaint be dismissed.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the affiant submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee, and a statement of the nature of the action which shows that she is

entitled to redress. Even if the affiant proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

The plaintiff's complaint is a rambling and disjointed document that does not comply with the Federal Rules of Civil Procedure. Thus, it clearly does not contain a short plain statement of her claims, and she does not delineate the alleged causes of action into counts with the pertinent facts supporting each claim. See Rules 8(a)(2), (d)(1); 10(b), F.R.Civ.P.

Furthermore, the plaintiff has failed to show that the court has jurisdiction over this matter. Rule 8(a)(1), F.R.Civ.P. Although the plaintiff alleges conclusory claims of federal statutory and constitutional violations, the factual basis of her complaint is the foreclosure of her former residence (see Doc. 2, pp. 2; 10-25). Further, she requests "repossess[ion of] her home" (id., p. 8). This circumstance implicates the Rooker-Feldman doctrine. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005). Pursuant to the Rooker-Feldman doctrine, this court lacks subject matter jurisdiction over cases brought by a "state court loser complaining of injuries caused by state-court judgments rendered before the district court proceedings

commenced and inviting district court review and rejection of those judgments." Id. at 284. The plaintiff's lawsuit appears to fall squarely within that principle.

In sum, even construing the plaintiff's complaint liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), the plaintiff's complaint is procedurally deficient and fails to state a claim on which relief may be granted. Accordingly, the complaint should be dismissed. See 28 U.S.C. 1915(e)(2)(B)(ii). In this circumstance, however, it is appropriate to permit the plaintiff to file an amended complaint. See Troville v. Venz, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002) (§1915(e)(2)(B)(ii) dismissal does not allow the district court to dismiss an in forma pauperis complaint without allowing leave to amend as permitted under Rule 15, F.R. Civ.P.).

Additionally, the plaintiff has not shown that she is entitled to proceed in forma pauperis. Thus, the plaintiff states in her application to proceed in forma pauperis that she owns rental property with an approximate value of $375,000 (Doc. 4, p. 2). Furthermore, although she states "no" in response to questions whether she receives rent payments or a pension (id.,

pp. 1-2), she lists rental income of $2,445.00, social security income of $987.00, and a pension of $97.00, for a monthly total income of $3,529.00. Under these circumstances, the plaintiff has not established that she is unable to afford the filing fee.

In sum, I recommend that the complaint be dismissed, but allow the plaintiff to file within thirty days an amended complaint that complies with the Federal Rules of Civil Procedure. Further, an amended complaint must be accompanied by an explanation of why she cannot afford the filing fee.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: SEPTEMBER 10, 2015

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).